AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
7/27/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: DTA   DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
7/27/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: KH   DEPUTY

| | |
|---|---|
| United States of America<br>v.<br>Cecilia Alvarez Ruvalcaba and<br>Ramon Reyes Millanes<br>Defendant(s) | Case No.  8:22-mj-00517-DUTY |

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 26, 2022 in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Methamphetamine |

This criminal complaint is based on these facts:

   *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Michael E. Rodriguez
Complainant's signature

Michael E. Rodriguez, Special Agent (HSI)
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: July 27, 2022

/s/ Autumn D/ Spaeth
Judge's signature

City and state:  Santa Ana, California

Hon. Autumn D. Spaeth, U.S. Magistrate Judge
Printed name and title

JW:hc

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Michael E. Rodriguez, being duly sworn, declare and state as follows:

**INTRODUCTION**

1. I am a Special Agent with Homeland Security Investigations ("HSI") and have been so since August 2018. Prior to becoming a Special Agent with HSI, I was employed as a police officer and detective with the police department in Lansing, Illinois, for approximately 11 years.

2. During my employment, I have received comprehensive, formal instruction on such topics as drug identification; money laundering techniques; patterns of drug trafficking; the exploitation of narcotics traffickers' telecommunications devices; criminal law; surveillance; and other investigative techniques.  I have initiated and assisted in investigations into the unlawful importation, manufacture, possession with intent to distribute, and distribution of narcotics (including cocaine, fentanyl, and methamphetamine), the laundering of narcotics proceeds, and conspiracies associated with narcotics offenses.  In conducting these investigations, I have utilized a variety of investigative techniques and resources, including but not limited to such techniques as surveillance, confidential informants, search warrants, and undercover operations.

**PURPOSE OF AFFIDAVIT**

3. This affidavit is made in support of a criminal complaint for **CECILIA ALVAREZ RUVALCABA** ("ALVAREZ") and **RAMON REYES MILLANES** ("REYES") for a violation of Title 21, United

1

States Code, Section 841(a)(1) (Possession with Intent to Distribute Methamphetamine).

4.  This affidavit is intended simply to set forth facts sufficient to establish that there is probable cause for the requested complaint. It does not, therefore, purport to set forth all of my knowledge of, or the investigation into, this matter.

5.  Unless otherwise stated, the facts set forth in this affidavit are based upon my personal participation in this investigation; information I have obtained from other law enforcement personnel in connection with the investigation, which has been reported to me either directly or indirectly; and information from databases. Unless otherwise noted, when I assert that a statement was made, I have either heard the statement directly or the statement was reported to me by another law enforcement officer. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

**STATEMENT OF PROBABLE CAUSE**

6.  Based on conversations with other law enforcement officers, and my own knowledge of the investigation, I am aware of the following facts.

A.  **Undercover Investigation**

7.  On or about July 25, 2022, I received information from a Confidential Informant ("CI")[1] and also from the HSI Seattle

---

[1]  The CI is an established source. The CI receives monetary compensation for his/her work. To my knowledge, the CI

Office, which handles the CI, regarding an unknown female subject (later identified as ALVAREZ) who was using the phone number (562) 377-2648.  ALVAREZ was looking to sell approximately 35 pounds of methamphetamine for $800 per pound. The CI advised that a subject in Mexico arranged for ALVAREZ to contact him to conduct the transaction.  Throughout the investigation, the CI communicated by telephone in Spanish with the unknown subject and ALVAREZ.

    8.   The CI advised that ALVAREZ was available to meet with him on July 26, 2022 in Orange County, California.

    9.   The CI had negotiated to purchase the 35 pounds of methamphetamine for $800 per pound.

    10.  On or about July 25, 2022, at the direction of the Mexican source, the CI was contacted by telephone by ALVAREZ to arrange a meeting to deliver the 35 pounds of methamphetamine for $800 a pound.  The CI made arrangements to meet ALVAREZ in Orange County on July 26, 2022.

    11.  On July 26, 2022, at approximately 11:45 a.m., the CI told ALVAREZ that he/she could meet that morning.  ALVAREZ indicated that she had another narcotics delivery to make, but the CI convinced her to make the delivery of narcotics to him first.  ALVAREZ asked for a location, and the CI told ALVEREZ to meet at a parking lot of the Home Depot located at 3500 West MacArthur Boulevard, in Santa Ana, California.

---

has no prior criminal convictions (apart from potential traffic infractions).  The CI is a fluent Spanish speaker.

12. At approximately 1:00 p.m., surveillance units from HSI, Costa Mesa Police Department ("CMPD"), and Los Angeles Interagency Metropolitan Police Apprehension Crime Task Force ("LA-IMPACT") set up surveillance at and in the vicinity of the Home Depot parking lot in anticipation of ALVAREZ's arrival.

13. Around that time, a CMPD UC parked his vehicle in the Home Depot parking lot to await the meeting with ALVAREZ.

14. At approximately 1:45 p.m., the CI called ALVAREZ on a three-way call and introduced an undercover CMPD officer ("UC") who is fluent in Spanish and who posed as someone who was helping the CI with the narcotics transaction. The UC told ALVEREZ his location at the Home Depot parking lot. ALVAREZ indicated to the UC that she was driving a Nissan Rogue.

15. At approximately 1:50 p.m., surveillance units observed a white Nissan Rogue bearing CA license plate 8ZRE360 drive in the parking lot and park next to the UC's vehicle. ALVAREZ and REYES exited the vehicle and met with the UC at the back of ALVEREZ's vehicle. The UC, in Spanish, asked, "35"? – meaning 35 pounds. REYES opened the trunk and picked up a large cardboard box from the hatchback of the vehicle. ALVAREZ asked the UC in Spanish if he had the money. The UC called the CI, to make it appear that he was having the CI bring the money to the location. All parties entered their vehicles to wait for the CI to arrive with the money.

16. CMPD and HSI units converged on the Nissan Rogue and detained ALVAREZ and REYES.

4

17. At approximately 2:00 p.m., a CMPD K9 alerted to the presence of narcotics in ALVAREZ's vehicle. Law enforcement searched the vehicle and recovered approximately 110 packages of suspected crystal methamphetamine in the cardboard box as well as garbage bags in the vehicle. The suspected crystal methamphetamine was packed in numerous bags and cellophane-type bundles.

18. I conducted a presumptive test of one of the packages of the suspected methamphetamine. According to the test results, the substance contained methamphetamine. Agents weighed the suspected packages containing the crystal methamphetamine, and, together, the packages weighed a total of approximately 120 pounds.

**B.   Post-Arrest Interviews**

19. At approximately 4:33 p.m., I interviewed ALVAREZ in Spanish at the Costa Mesa Police Department with Spanish speaker CMPD Detective Jaime Santibanez, who translated. ALVAREZ was provided her Miranda Rights in Spanish prior to the interview. From this interview, I learned the following:

   a.   ALVAREZ had been delivering "crystal" for about two months. ALVAREZ picked up the crystal today (July 26 2022) from an unknown subject. ALVAREZ gets paid about $3,000 per delivery. The male who accompanied her was a friend named "Ramon," and Ramon knew what she was doing there.

5

  b. A man who lives in Tijuana, Mexico named "Hector" called her to have her make the delivery for today.  ALVAREZ confirmed her phone number (562) 377-2648 that she used to conduct the narcotics transaction with the CI and UC.

  c. Because ALVAREZ is a citizen of Mexico, I advised her of her right to communicate with the consular or diplomatic officers from her country.  ALVAREZ wanted to exercise that right.

 20. At approximately 4:55 p.m., I interviewed REYES in Spanish at the CMPD with Spanish speaker CMPD Detective Jaime Santibanez, who translated.  After being read his <u>Miranda</u> rights in Spanish, REYES said he wanted to meet with a lawyer.

**C.** <u>**Further Information Regarding REYES**</u>

 21. According to information available through the federal courts' PACER system, I have learned the following: On or about May 12, 2022, REYES was charged by Information in the United States District Court, Southern District of California, with knowingly and intentionally importing methamphetamine into the United States, in violation of 21 U.S.C. §§ 952, 960.  (<u>See</u> <u>United States v. Ramon Reyes-Millanes</u>, Case No. 22-CR-1063.)  On or about June 21, 2022, approximately one month ago, REYES pleaded guilty to the charge and admitted that, on or about April 14, 2022, he knowingly drove a vehicle from Mexico to the United States with 26.36 kilograms of methamphetamine concealed

inside.  Prior to his arrest in this case, defendant REYES was on release pending his sentencing in the San Diego case.  His sentencing in the San Diego case is set for September 23, 2022, at 9:00 a.m.

## CONCLUSION

22.  Based on the foregoing, I believe probable cause exists to believe that **CECILIA ALVAREZ RUVALCABA** and **RAMON REYES MILLANES** have committed a violation of Title 21, United States Code, Section 841(a)(1): Possession with Intent to Distribute Methamphetamine.

```
                              /s/
                         Michael E. Rodriguez,
                         Special Agent
                         Homeland Security Investigations
```

Attested to by the applicant
via telephone in accordance
with the requirements of Fed.
R. Crim. P. 4.1 on this day,
July  27 , 2022.


     /s/ Autumn D. Spaeth
       AUTUMN D. SPAETH
UNITED STATES MAGISTRATE JUDGE